■ KELLY A. MORGAN, Respondent, v JENNIFER L. BEH et al., Appellants. [681 NYS2d 394] —Mercure, J. Appeal from an order of the Supreme Court (Dier, J.), entered December 11, 1997 in Warren County, which denied defendants' motion for summary judgment dismissing the complaint.

In this negligence action, plaintiff seeks to recover for personal injuries he sustained in a March 2, 1992 motor vehicle collision. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint upon the ground that plaintiff had not as a matter of law sustained a causally related "serious injury", as that term is defined in Insurance Law § 5102 (d). Supreme Court denied the motion and defendants appeal.

Initially, we conclude that defendants satisfied their burden of coming forward with a prima facie showing that plaintiff did not as a result of the March 1992 collision sustain a serious injury within any of the categories alleged in plaintiff's bill of particulars, i.e., a personal injury that resulted in (1) permanent loss of use of a body organ, member, function or system, (2) permanent consequential limitation of use of a body organ or member, (3) significant limitation of use of a body function or system, or (4) an injury or impairment that prevented him from performing substantially all of the material acts constituting his usual and customary daily activities during 90 of the 180 days immediately following the collision (Insurance Law § 5102 [d]). Plaintiff's deposition testimony indicates that within two weeks following the collision, his only remaining physical problem consisted of some discomfort and stiffness in his neck, which appears to have had no impact on his daily activities. Although plaintiff was unemployed at the time of the collision, he was taking a four-hour course at a community college and was able to complete the course and pass the exam without apparent difficulty. By the summer of 1992, plaintiff had recovered sufficiently to hold down two different sales jobs, working from 50 to 80 hours per week. Defendants also produced an affirmation of their examining physician indicating that plaintiff had sustained a cervical sprain in the collision, but as of July 1995 exhibited no spasm, limitation of motion, reflex dissymmetry, muscle weakness, sensory loss,

radiculopathy, nerve impingement or other objective evidence of continuing injury.

The only competent medical evidence submitted in opposition to defendants' motion was an affirmation of plaintiff's treating chiropractor, which merely set forth the opinion that plaintiff suffered from a mild permanent disability to his neck with a 30% restriction of movement, one half of which was attributed to a subsequent unrelated motor vehicle collision that occurred in October 1993. Fatally, the opinion lacks an adequate factual foundation (*see, Melino v Lauster*, 195 AD2d 653, 655, *affd* 82 NY2d 828) and even if credited does not describe a significant limitation or any permanent loss of use of a body organ, member, function or system as a result of the March 1992 occurrence (*see, Kordana v Pomellito*, 121 AD2d 783, *appeal dismissed* 68 NY2d 848). Plaintiff having failed to raise a genuine factual issue as to whether he sustained a "serious injury", Supreme Court erred in denying defendants' summary judgment motion.

Cardona, P. J., White, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants and complaint dismissed.