■ CHRISTOPHER J. BEDNAR et al., Appellants, v DOUGLAS W. EATON, Respondent. [743 NYS2d 185] —Mugglin, J. Appeal from an order of the Supreme Court (Monserrate, J.), entered July 3, 2001 in Broome County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiffs commenced this action for injuries allegedly sustained by plaintiff Christopher J. Bednar (hereinafter plaintiff) in a July 1997 motor vehicle accident. Concluding that plaintiff had not suffered a serious injury within the meaning of Insurance Law § 5102 (d), Supreme Court granted defendant's motion for summary judgment dismissing the complaint. Plaintiffs appeal.

Plaintiffs do not challenge the sufficiency of the expert medical evidence submitted by defendant to meet his burden as the moving party. Rather, plaintiffs contend that the affidavit of their medical expert is sufficient to raise an issue of fact as to whether plaintiff sustained a fracture, which is expressly included as a form of serious injury pursuant to Insurance Law § 5102 (d). Specifically, on this appeal, plaintiffs rely on their expert's conclusion that plaintiff sustained a "fractured middle back" as a result of the accident. We question whether the expert's general reference to a fracture of the "middle back," with no evidence that a particular bone was broken, is sufficient to permit a jury to find a fracture for the purpose of establishing serious injury (*see, Ives v Correll*, 211 AD2d 899, 900). We need not decide that issue, however, for once defendant met his burden as the moving party, plaintiffs were obligated to submit competent medical evidence based upon objective medical findings and diagnostic tests (*see, Barbagallo v Quackenbush*, 271 AD2d 724). The affidavit of plaintiffs' expert,

who first examined plaintiff more than two years after the accident, contained no reference to objective medical findings. Although the expert stated that he reviewed unspecified CT scans, MRIs and X rays, he did not identify any particular X ray or other diagnostic test that definitely revealed a fracture or revealed an abnormality or irregularity that could be construed as a fracture. Instead, he stated, in conclusory fashion, that his opinion was "a result of the subjective and objective material I have gathered." In contrast, defendant's expert identified each X ray of plaintiff's spine that he reviewed and noted that each one revealed the absence of any fractures. Accordingly, we agree with Supreme Court that plaintiffs' submission in opposition to defendant's motion was insufficient to raise a question of fact on the serious injury issue.

Cardona, P.J., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.