■ Jose C. Serrano, Appellant, v Deborah A. Canton, Defendant, and Todd R. McQuade et al., Respondents. [749 NYS2d 591] —Mercure, J. Appeal from an order of the Supreme Court (Reilly, Jr., J.), entered February 5, 2002 in Schenectady County, which, inter alia, granted a cross motion by defendants Todd R. McQuade and Butterfield Contracting Ltd. for summary judgment dismissing the complaint against them.

Plaintiff sustained the injuries forming the basis for this action in an October 30, 1998 rollover car accident on the Thruway in Albany County. After joinder of issue and some discovery, plaintiff moved for partial summary judgment on the issues of liability and serious injury. Defendants Todd R. McQuade and Butterfield Contracting Ltd. (hereinafter collectively referred to as defendants) cross-moved for summary judgment dismissing the complaint against them on the ground, as relevant to this appeal, that plaintiff failed to sustain a serious injury within any of the categories set forth in Insurance Law § 5102 (d). Supreme Court denied the motion, granted the cross motion, awarded defendants summary judgment on the ground that plaintiff had not, as a matter of law, sustained a serious injury, and dismissed the complaint against them. Plaintiff appeals.

Initially, we agree with Supreme Court's conclusion that plaintiff failed to meet his burden on his summary judgment motion of making a prima facie showing of entitlement to judgment as a matter of law by tendering evidence sufficient to demonstrate the absence of any material issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). Notably absent from plaintiff's evidentiary showing was competent expert opinion demonstrating that plaintiff sustained any objectively determined injuries as a result of the accident or connecting any such injuries to physical or mental limitations falling within any of the categories of serious injury relied on by plaintiff.

Following the accident, plaintiff was transported by ambulance to the emergency room at Albany Medical Center Hospital, where he was evaluated and released. Plaintiff was subsequently seen by his primary care provider, Schenectady Family Health Services. He was also treated on approximately 375 occasions from November 1998 through July 2001 by

chiropractor Seth Kohl, participated in numerous therapy sessions at the Comprehensive Neuropsychological Services with neuropsychologist Maria Lifrak and psychologists Michael Grau and Anton Hardy, and was treated approximately 15 times between February 6, 2001 and May 22, 2001 by optometrist Robert Fox. In addition, plaintiff was examined and evaluated by neurosurgeon David Semenoff, psychologist Robert McCaffrey, chiropractor David Krasner, neurologists Elizabeth Ortof and James Storey, and Sunnyview Speech & Hearing Center.

In support of his motion for partial summary judgment, plaintiff submitted expert affidavits from (1) Lifrak, relative to plaintiff's diagnosed severe chronic headaches, constant tinnitus of the left ear, chronic pain in his neck and lower back, and severe posttraumatic stress disorder with substantial cognitive deficits and postconcussive syndrome, (2) Kohl, concerning plaintiff's "radicular symptoms" in the upper extremities, severe chronic headaches, chronic pain in his neck, loss of range of motion in the neck resulting from pain, a focally bulging disc at the C5-6 level of the cervical spine, and an aggravation of a preexisting disc disease in the lower back and cervical spine with chronic pain, (3) Fox, relative to plaintiff's permanent blurred vision and light photosensitivity problems, and (4) Semenoff, relative to plaintiff's bulging disc, loss of curvature of the cervical spine, musculoskeletal sprain/strain, loss of range of motion in the neck, aggravation of a preexisting degenerative disc disease in the lower back and cervical spine, severe headaches, and chronic pain in the neck and lower back and loss of range of motion in the neck.

The expert affidavits have a common format and theme. Rather than set forth specific objective findings as a basis for the affiants' expert opinions, all merely state in general terms that, in reaching their opinions, they relied on their own clinical observations and evaluations, as well as the office notes, evaluations and reports of the other examining and treating health services providers, which are listed at length in the affidavits and submitted as exhibits thereto. Further, although all of the expert affidavits opine that plaintiff suffered a significant limitation of use of a body function or system, a permanent consequential limitation of use of a body organ or member, or a medically determined injury or impairment of a nonpermanent nature that prevented plaintiff from performing substantially all of the material acts constituting his usual and customary daily activities for not less than 90 of the 180 days immediately following the accident, they fail to identify any

objective basis for that opinion, causally relate it to the subject accident, quantify the extent of plaintiff's limitations or contrast those limitations to the normal function, purpose and use of the affected body organ, function or system (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350-351).

In our view, it is not sufficient to contend, as plaintiff does, that objective support for the opinions can be found somewhere in the hundreds of pages of medical reports that were submitted on plaintiff's summary judgment motion. To the contrary, it is required that an expert affidavit identify the specific objective findings that serve as a predicate for the opinion rendered and also that an explanation be provided establishing a sufficient causal relationship between that objective finding and the injury, condition or limitation giving rise to the claim of serious injury, as well as between the injury and the accident itself (*see Bednar v Eaton*, 294 AD2d 780, 780-781; *Trotter v Hart*, 285 AD2d 772, 773; *Blanchard v Wilcox*, 283 AD2d 821, 822-823; *Pantalone v Goodman*, 281 AD2d 790, 791; *Bushman v Di Carlo*, 268 AD2d 920, 922-923, *lv denied* 94 NY2d 764; *Bennett v Reed*, 263 AD2d 800, 801; *Fountain v Sullivan*, 261 AD2d 795, 796; *Uhl v Sofia*, 245 AD2d 988, 990). In addition, in order to prove the extent or degree of physical limitation, the expert must designate a numeric percentage of the plaintiff's loss of range of motion or may set forth a qualitative assessment provided that the evaluation not only has an objective basis, but also compares the stated limitations to the normal function, purpose and use of the affected body organ, member, function or system (*see Toure v Avis Rent A Car Sys.*, *supra* at 350-351). Measured by that standard, all of the affidavits submitted on plaintiff's motion failed to make out a prima facie showing of serious injury and the motion was therefore properly denied.

Supreme Court did err, however, in its apparent conclusion that plaintiff's failure to support his motion with legally sufficient evidence warranted dismissal of the complaint. The law is well settled that a movant's failure to satisfy his or her burden on a summary judgment motion requires denial of the motion, regardless of the sufficiency of the opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324, *supra*; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). In addition, defendants were not entitled to summary judgment on their cross motion as the medical reports of independent medical examiner Robert McCaffrey suffered from many of the same infirmities as plaintiff's evidence and, in any event, merely suggest "the presence of symptom exaggeration and/or frank

malingering." In our view, the proffered medical evidence was insufficient to make out a prima facie showing of defendants' entitlement to judgment as a matter of law.

The parties' remaining contentions have been considered and found to be unavailing.

Cardona, P.J., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the cross motion of defendants Todd R. McQuade and Butterfield Contracting Ltd. for summary judgment dismissing the complaint against them; said cross motion denied; and, as so modified, affirmed.