Rose, J. Appeal from an order of the Supreme Court (Sheridan, J.), entered April 1, 2002 in Albany County, which, inter alia, granted defendants’ motions for summary judgment dismissing the complaint.
On December 21, 1999, a taxicab driven by defendant Julianne V. Dickinson and owned by defendant Black & White Cab Systems, Inc. (hereinafter collectively referred to as the taxicab defendants) stopped suddenly and was struck from behind by a vehicle operated by defendant Visahasan Sivasubramaniam. Plaintiffs, who were passengers in the taxicab, commenced this action against defendants seeking to recover damages for their injuries. Following discovery, the taxicab defendants moved for summary judgment on the grounds that neither plaintiff had sustained a serious injury as defined by Insurance Law § 5102 (d) and that Dickinson had not been negligent in stopping or operating the taxicab. Sivasubramaniam cross-moved for similar relief based upon plaintiffs’ failure to sustain a serious injury. As to that threshold, defendants submitted no medical or expert evidence other than plaintiffs’ unsworn medical records. Finding nothing in those records to establish that plaintiffs had suffered a serious injury, Supreme Court granted defendants’ motions. Plaintiffs appeal.
It is well settled that a defendant seeking summary judgment as to the no-fault threshold bears the initial burden of establishing the absence of a serious injury as a matter of law by tendering sufficient evidence to eliminate any material issues of fact from the case (see Santos v Marcellino, 297 AD2d 440, 441 [2002]; Market v Scavo, 292 AD2d 757, 758 [2002]; Blanchard v Wilcox, 283 AD2d 821, 822 [2001]). To meet this burden, “a moving defendant may rely on unsworn reports of a plaintiff’s treating physician and is not required to produce affidavits or affirmations of medical experts to make the requisite showing provided, of course, that the reports are sufficiently complete and, combined with other proof, demonstrate that the plaintiff did not suffer a serious injury” (Seymour v Roe, 301 AD2d 991, 991 [2003]; see Cody v Parker, 263 AD2d 866, 867 [1999]). It is not enough that these records may lack sufficient objective medical evidence to establish the presence of a serious injury.
While now conceding the absence of a qualifying serious injury based on permanency, plaintiffs point out that their medical reports contain diagnoses of lumbar back strain with radiation and pain into the tensor fascia lata as to plaintiff Jennifer L. McElroy, as well as cervical strain with probable *946 facet trauma and myofascial pain syndrome as to plaintiff Catherine R. McElroy. As objective evidence of their conditions, they cite ultrasound examinations revealing “moderate to severe” muscle effusions as to both plaintiffs. As to Catherine McElroy, the ultrasound examination also showed “moderate to severe” myofasciitis, “moderate to severe” capsulitis and a possible herniated disc. An MRI of her cervical spine also showed some posterior impingement. As to Jennifer McElroy, the reports also indicate significant tightness in her left semi tendinosis and tensor fascia lata accompanied by less than full extension of her left knee. In addition to being restricted by her treating physician from contact sports for approximately three months, Jennifer McElroy testified in her deposition taken in August 2001 that she had not yet been able to resume such activities because of her injuries.
This evidence fails to eliminate all material issues of fact so as to shift the burden to plaintiffs with respect to either the significant limitation category or the medically determined injury in connection with the 90/180 days category. Thus, regardless of the insufficiency of plaintiffs’ opposing papers, summary judgment should not have been granted (see Serrano v Canton, 299 AD2d 703, 705 [2002]). However, since Supreme Court did not address the alternate ground for dismissal in the taxicab defendants’ motion for summary judgment, the matter must be remitted to Supreme Court for further consideration.
Mercure, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants’ motions to the extent that they sought dismissal on the grounds that plaintiffs did not sustain qualifying serious injuries under the significant limitation of use and 90/180 days categories; said motions denied to that extent and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision; and as so modified, affirmed.
*944 Jennifer L. McElroy, an Infant, by Catherine R. McElroy, Her Mother and Guardian, et al., Appellants, v Visahasan Sivasubramaniam et al., Respondents.
[761 NYS2d 688]