■ In the Matter of the Estate of THOMAS L. SPINOSA, Deceased. RITA N. FEDELE, Also Known as RITA N. SPINOSA, as Executor of THOMAS L. SPINOSA, Deceased, Respondent; GAETANO SPINOSA, Appellant. [768 NYS2d 688]—

Lahtinen, J. Appeal from a decree of the Surrogate's Court of Albany County (Doyle, S.), entered May 10, 2001, which, inter alia, granted petitioner's motion for partial summary judgment and directed certain assets to be transferred to petitioner.

Petitioner, the duly appointed executor of the estate of her father (hereinafter decedent), commenced this proceeding pursuant to SCPA 2103 to determine decedent's interest in certain accounts maintained with Fidelity Investment Services (hereinafter Fidelity). One of the accounts was comprised of three funds, Fidelity Cash Reserves, Spartan NY Muni Income and Fidelity Latin America. Respondent, who is petitioner's brother, contends that he was the named beneficiary or surviving joint tenant on the Fidelity Latin America fund. Petitioner eventually moved for partial summary judgment directing the transfer of the account comprised of the three funds to the estate upon the ground that decedent was the sole owner at the time of his death and had not designated a beneficiary for the account. Surrogate's Court granted the relief requested by petitioner and respondent appeals.

Respondent argues that petitioner failed to produce sufficient proof to meet her threshold burden of establishing that he did not have an ownership interest in the Fidelity Latin America fund (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Serrano v Canton, 299 AD2d 703, 705 [2002]). Respondent premises his argument primarily upon the fact that the original petition indicated that decedent had stated to petitioner shortly before his death that respondent was a joint owner of the Fidelity Latin America fund. However, documents subsequently obtained by petitioner and submitted in support of the motion, including an account application and account statements, set forth the owners of the account and its three funds as decedent and his wife, who predeceased him. An account statement from shortly before decedent's death lists the owners as: "THOMAS L. SPINOSA AND ANTOINETTE SPINOSA—WITH RIGHTS OF SURVIVORSHIP." While the statement reflects that a copy was mailed to respondent's care, there is no indication on the statement of an ownership interest by respondent in the Fidelity Latin America fund.

Respondent contends that additional documents should be available from Fidelity that might substantiate his position. The attorney for Fidelity, however, averred that he was personally involved in the production of the documents and that no further relevant paperwork could be located. We agree with the Surrogate's Court that the proof in the record was sufficient to establish a prima facie case that decedent was the sole owner of all the funds of the account at the time of his death and had not designated a beneficiary. In opposition to the motion, respondent submitted only the affidavit of his attorney, who had no personal knowledge of the germane events. Accordingly, we find that Surrogate's Court properly granted petitioner's motion.

Mercure, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the decree is affirmed, without costs.