■ MICHAEL AMES, Appellant, v DANIEL PAQUIN et al., Respondents. (And a Third-Party Action.) [837 NYS2d 389]—

Lahtinen, J. Appeal from an order of the Supreme Court (Tait, J.), entered March 22, 2006 in Tioga County, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff lost control of his vehicle when traveling on Route 17 in Tioga County during a snowstorm and slid down an embankment. Shortly thereafter, as he was sitting in a police car that had responded to the accident, a tow truck called to the scene allegedly braked abruptly in front of a tractor-trailer traveling on Route 17, causing the tractor-trailer to strike the

police car, sending the police car and plaintiff down the embankment. Plaintiff was taken to the emergency room of a local hospital where he was examined and then released. He subsequently commenced this negligence action against defendant Daniel Paquin (driver of the tractor-trailer) and defendant Ryder Truck Rental-Canada (owner of the tractor-trailer). He alleged several categories of serious injury in his bill of particulars, including permanent consequential limitation of use of a body organ or member, significant limitation of use of a body function or system, and failure to perform his usual and customary activities for at least 90 of the 180 days following the accident. Defendants brought a third-party action against the owner of the tow truck. Defendants eventually moved for summary judgment dismissing plaintiff's action upon the ground that he did not sustain a serious injury as defined by Insurance Law § 5102 (d). Third-party defendant likewise sought summary dismissal of the third-party action asserting no underlying serious injury. Supreme Court granted the motions for summary judgment and plaintiff now appeals.

"The law is well settled that a movant's failure to satisfy his or her burden on a summary judgment motion requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Serrano v Canton*, 299 AD2d 703, 705 [2002] [citations omitted]; *see McElroy v Sivasubramaniam*, 305 AD2d 944, 946 [2003]). Here, review of the record reveals that the burden was not shifted as to the 90/180-day category. The affidavit of defendants' expert, prepared following an examination conducted more than 28 months after the accident, did not address plaintiff's limitations during the 180 days immediately following the accident. Included in the expert's broad conclusions were his opinions that plaintiff had no objective physical findings to substantiate his complaints at the time of the examination, his current complaints were mild and "probably" related to causes other than the accident, his prognosis was good and he was presently able to work on a full-time basis. The expert speculated that he did not "believe" the subject accident was "serious." These conclusions—some of which were preferenced with language lacking the requisite degree of certainty—did not contain specificity as to the 90/180-day category and, accordingly, did not constitute a prima facie showing of defendants' entitlement to judgment as a matter of law on such category of serious injury (*see McElroy v Sivasubramaniam, supra* at 946; *Serrano v Canton, supra* at 705-706).

To the extent that plaintiff preserved for review his claims under other serious injury categories, defendants' papers suf-

ficiently shifted the burden on these categories and the affirmations from plaintiff's chiropractor and physician—which, at best, were cursory and conclusory—failed to raise a factual issue.

Peters, J.P. and Mugglin, J., concur.

Rose, J. (concurring in part and dissenting in part). I respectfully dissent from so much of the majority's decision as found that defendants failed to meet their initial burden to demonstrate that plaintiff did not sustain a qualifying serious injury under the 90/180-day category. Initially, it must be noted that plaintiff effectively concedes this point by raising no argument in his brief as to whether defendants met their burden (see CPLR 3212 [b]) and, thus, the issue should be deemed abandoned (see Peak v Northway Travel Trailers, Inc., 27 AD3d 927, 928 [2006]; Dunn v Northgate Ford, Inc., 16 AD3d 875, 876 n 2 [2005]; see also Granger v Keeter, 23 AD3d 886, 888 [2005]). In any event, contrary to the majority's view, the report of defendants' expert, a board-certified orthopedic surgeon, does not limit his opinion that there were no objective physical findings of a qualifying serious injury to plaintiff's medical condition at the time of the independent medical exam. The expert reviewed plaintiff's early medical records and MRIs in great detail and asserted that he found no evidence of any objective physical findings of serious injury. The burden thus having shifted to plaintiff, Supreme Court correctly concluded that he failed to submit evidence based on objective findings of a medically determined injury or impairment of a nonpermanent nature which caused the alleged limitations on his daily activities (see Tuna v Babendererde, 32 AD3d 574, 577 [2006]; June v Gonet, 298 AD2d 811, 812 [2002]; Monk v Dupuis, 287 AD2d 187, 190-191 [2001]). Accordingly, I would affirm Supreme Court's order in all respects.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' and third-party defendant's motions for summary judgment dismissing that part of the complaint as alleged that plaintiff suffered a serious injury in the 90/180-day category; motions denied to that extent; and, as so modified, affirmed.