■ Robert E. Haack et al., Respondents, v Charles T. Kriss et al., Appellants. [849 NYS2d 697]—

Peters, J. Appeal from an order of the Supreme Court (Stein, J.), entered October 24, 2006 in Albany County, which partially denied defendants' motion for summary judgment dismissing the complaint.

In November 2000, defendant Charles T. Kriss was driving a vehicle owned by his wife, defendant Marilyn J. Kriss, in an easterly direction on Route 396 in the Town of Bethlehem, Albany County, when the road conditions caused his vehicle to enter into a skid, cross into the westbound lane and collide with a vehicle driven by plaintiff Robert E. Haack (hereinafter plaintiff). Plaintiff was brought to Albany Medical Center and released the same day. Plaintiff, and his wife derivatively, thereafter commenced this action to recover for his injuries. Following discovery, defendants moved for summary judgment, challenging the claims of serious injury within the meaning of Insurance Law § 5102 (d). Plaintiffs, having asserted both a significant limitation of use of a body function or system as well as a failure to perform plaintiff's usual and customary activities for at least 90 of the 180 days following the accident, only op-

posed defendants' challenge to the 90/180-day claim. Accordingly, Supreme Court dismissed the significant limitation of use claim, yet denied defendants' motion for dismissal of the 90/180-day claim. Defendants appeal.

In an effort to demonstrate that plaintiff did not suffer a serious injury within the parameters of Insurance Law § 5102 (d) (*see Parks v Miclette*, 41 AD3d 1107, 1109-1110 [2007]; *Tuna v Babendererde*, 32 AD3d 574, 575 [2006]), defendants submitted the pleadings and deposition testimony of plaintiff and the affirmation of orthopedist Bryan Bilfield who conducted an independent medical examination of plaintiff on June 3, 2005. Focusing on plaintiff's claims of cervical strain, lumbar strain, thoracic strain, posttraumatic headaches and left knee trauma/contusion as a result of the subject accident, the record reflects that throughout the relevant time frame, plaintiff was treated by his primary physician, Philip Drew, neurologist David Hart and orthopedists Mark Fuchs and Robert Cheney, who ultimately sent him for physical therapy. Plaintiff's deposition testimony details how these injuries affected his ability to return to work as a draftsman—a determination certified by Drew from the time of the accident until May 2001—and how these injuries affected his avocational activities.

While Bilfield's affirmation acknowledges plaintiff's claimed injuries as well as his limitations on his avocational activities, he failed to review Drew's medical records or those from plaintiff's physical therapist during the relevant period. Instead, Bilfield focused on plaintiff's medical records from 1988 through 1991 as they pertained to a prior lumbar injury and those from May 1996 regarding stiffness in his neck, leg and lower back, attributed to a motor vehicle accident at that time. With respect to the present accident, only some of plaintiff's medical records were reviewed. Bilfield specifically noted that he was not provided with follow-up office records after August 2004 regarding plaintiff's left shoulder complaints for which he was sent for a MRI, and had no X rays or MRI studies regarding plaintiff's other complaints. Yet, Bilfield opined that "[b]ased on the medical records," plaintiff had an "on-going problem with his neck and lower back. The motor vehicle accident would have produced an exacerbation of these problems for a period of six to eight weeks."

In our view, Bilfield's failure to review plaintiff's medical records from his physical therapist and his diagnosing and treating physician, which certified him not to return to work and unable to perform substantially all of his usual and customary activities for 90 of the 180 days following the accident, was fatal.

Bilfield could not adequately address plaintiff's limitations during that period or express an opinion concerning the disabling effect that these injuries had on him (*see Ames v Paquin*, 40 AD3d 1379, 1380 [2007]; *Tornatore v Haggerty*, 307 AD2d 522, 523 [2003]). Hence, Bilfield's speculative conclusion, rendered after an examination 4½ years after the subject accident, that plaintiff's claimed limitations were merely an exacerbation of his prior problems which would have lasted for a period of six to eight weeks was insufficient (*compare Davis v Evan*, 304 AD2d 1023, 1024-1025 [2003]). As this determination requires a denial of defendants' motion, regardless of the sufficiency of plaintiffs' opposing papers (*see Ames v Paquin*, 40 AD3d at 1380), we affirm.

Mercure, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.