■ MICHAEL RUSSELL, Respondent, v M. PULGA-NAPPI et al., Appellants. [941 NYS2d 818]—

Rose, J. Appeal from an order of the Supreme Court (Cahill, J.), entered January 13, 2011 in Ulster County, which denied defendants' motion for summary judgment dismissing the complaint.

After plaintiff's vehicle was struck from behind in a chain-reaction collision while he was stopped at the drive-up window of a fast food restaurant, he commenced this action alleging that, as a result of the accident, he sustained a serious injury within the meaning of Insurance Law § 5102 (d). Plaintiff alleged injuries including bulging discs with annular tears, radiculopathy and spondylolisthesis in his lumbar spine with right leg pain and numbness, disc bulges and herniations in his thoracic spine and disc herniations in his cervical spine. Plaintiff's verified bill of particulars and amended verified bill of particulars noted his claim that the accident "precipitated, triggered and/or accelerated a preexisting and prior condition." After discovery was complete, defendants moved for summary judgment dismissing the complaint on the ground that plaintiff's injuries were entirely preexisting and not the result of the accident. Supreme Court denied the motion, and we affirm.

Defendants failed to carry their initial burden of establishing the lack of a causal relationship by submitting competent medical evidence sufficient to eliminate any material issues of fact (*see D'Auria v Kent*, 80 AD3d 956, 957-958 [2011]; *Howard v Espinosa*, 70 AD3d 1091, 1092 [2010]; *McElroy v Sivasubramaniam*, 305 AD2d 944, 945 [2003]). In support of their motion, defendants submitted affidavits from an orthopedic surgeon who performed an independent medical examination of plaintiff and a radiologist who reviewed plaintiff's medical records and imaging studies. The orthopedic surgeon did not dispute the seriousness of plaintiff's injuries. Instead, he opined that plaintiff's truck was extremely heavy, it suffered almost no damage and the presence of two other vehicles between plaintiff's truck and defendants' vehicle made it impossible to believe that plaintiff sustained any significant impact. Although he acknowledged that plaintiff, a 45-year-old carpenter at the time of the accident, appeared to be very fit and reported never having had any trouble with his back or leg before the accident, the surgeon could not "imagine" that plaintiff's spondylolisthesis had been asymptomatic. Similarly, the radiologist stated that plaintiff's complaints of low back and right leg pain were consistent with the severity of his preexisting condition but inconsistent with the severity of the accident, which the radiologist referred to as "trivial." The radiologist concluded that, because of the trivial nature of the accident, he had difficulty believing that plaintiff never had any low back complaints prior to the accident. Included among the medical records submitted by defendants was a single comment that plaintiff had noted "some back pain" on a list of 60 questions that he had answered three years before the accident when he was treated by an unrelated physician for a wholly unrelated injury to his right ring finger.

We agree with Supreme Court that neither physician is qualified to offer an opinion regarding the biomechanics or physics of the collision, and their unsupported opinions in this regard are speculative (*see Ames v Paquin*, 40 AD3d 1379, 1380 [2007]; *Garcia v City of New York*, 104 AD2d 438, 439 [1984], *affd* 65 NY2d 805 [1985]; *compare Anderson v Persell*, 272 AD2d 733, 734-735 [2000]). Further, their opinions that plaintiff could not have been asymptomatic prior to the accident are also unsupported, inasmuch as plaintiff reported never having had any prior complaints, and the medical records submitted with the motion reflect no prior treatment for any back pain or spinal condition (*see Gonyou v McLaughlin*, 82 AD3d 1626, 1627 [2011]; *Colavito v Steyer*, 65 AD3d 735, 736 [2009]). In our view, the single, isolated notation that plaintiff answered 60 intake questions in the negative "except for some back pain" three

years before the accident is insufficient to meet defendants' initial burden of eliminating a material issue of fact on this point (compare Ashquabe v McConnell, 46 AD3d 1419 [2007], with Howard v Espinosa, 70 AD3d at 1092-1093). Viewing this evidence in a light most favorable to plaintiff and according him every favorable inference (see Gronski v County of Monroe, 18 NY3d 374, 381 [2011]; Secore v Allen, 27 AD3d 825, 828-829 [2006]), we agree with Supreme Court that defendants failed to establish, as a matter of law, that plaintiff did not sustain a causally-related serious injury. Accordingly, we need not consider whether plaintiff's opposition was sufficient to raise a triable issue of fact (see Haack v Kriss, 47 AD3d 1007, 1009 [2008]; Ames v Paquin, 40 AD3d at 1380).

Mercure, J.P., Malone Jr., Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.