Lahtinen, J.
Appeal from an order of the Supreme Court (Dowd, J.), entered October 4, 2011 in Chenango County, which granted defendants’ motion for summary judgment dismissing the complaint.
Plaintiff commenced this action seeking to recover damages for injuries to his right shoulder, including a torn rotator cuff, that he claims were incurred as a result of a March 2008 motor vehicle accident in which he was a passenger in a vehicle owned by defendant Jennifer Woodruff and operated by defendant Coy Woodruff. He allegedly could not return to his job as a pizza chef, eventually losing the job and, after unsuccessful conservative treatment, he had surgery to repair his rotator cuff in October 2009. He asserted various categories of serious injury including a permanent loss of use, a permanent consequential limitation of use, a significant limitation of use, and the 90/180-day category (see Insurance Law § 5102 [d]). Following discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court granted defendants’ motion, prompting this appeal.
“[A] movant’s failure to satisfy his or her burden on a summary judgment motion requires denial of the motion, regardless of the sufficiency of the opposing papers” (Ames v Paquin, 40 AD3d 1379, 1380 [2007] [internal quotation marks and citation omitted]; see Houston v Geerlings, 83 AD3d 1448, 1450 [2011]; Haack v Kriss, 47 AD3d 1007, 1009 [2008]). Here, our review indicates that Supreme Court correctly found that the burden of proof was properly shifted to plaintiff as to all serious injury categories advanced by plaintiff except the claim regarding the 90/180-day category. In regard to that category, defendants relied on the affirmed report of Farouq Al-Khalidi, the orthopedic surgeon who reviewed plaintiffs medical records and performed an independent medical examination in March 2011, about three years after the accident. Al-Khalidi acknowledged that plaintiff had been under a medical restriction from working for over five months following the accident. His opinion as to why the 90/ 180-day category was nevertheless inapplicable was based on *945 unsupported speculation that plaintiff may not have diligently sought a new job after losing his prior one. This was insufficient to meet defendants’ initial burden on the motion (see Russell v Pulga-Nappi, 94 AD3d 1283, 1284-1285 [2012]; Ames v Paquin, 40 AD3d at 1380). Consequently, we conclude that defendants were not entitled to summary judgment with respect to plaintiffs claim pursuant to the 90/180-day statutory category (see Houston v Geerlings, 83 AD3d at 1450; Ames v Paquin, 40 AD3d at 1380).
Turning to plaintiffs serious injury claims under the remaining categories, we find that he failed to raise a factual issue necessitating the denial of summary judgment. With respect to the permanent loss of use category, plaintiff’s opposing proof did not reveal the requisite “total loss of use” (Oberly v Bangs Ambulance, 96 NY2d 295, 297 [2001]; see MacMillan v Cleveland, 82 AD3d 1388, 1388 n 1 [2011]). As for plaintiffs claims alleging permanent consequential limitation or significant limitation, a report of plaintiffs treating physician indicated that, although plaintiff had some restricted motion following a successful surgery, he characterized this restriction as a partial disability of a “mild degree” (see Dean v Brown, 67 AD3d 1097, 1098 [2009]).
We have examined the parties’ remaining contentions and, to the extent they are not fully addressed above, find them to be unpersuasive.
Mercure, J.P., Rose and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants’ motion for summary judgment dismissing that part of the complaint alleging that plaintiff suffered a serious injury in the 90/180-day category; motion denied to that extent; and, as so modified, affirmed.