Hawramee v Serena (2021 NY Slip Op 01662)





Hawramee v Serena


2021 NY Slip Op 01662


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, WINSLOW, AND BANNISTER, JJ.


1070 CA 19-00236

[*1]SONYA H. HAWRAMEE, PLAINTIFF-APPELLANT,
v
DAVID L. SERENA, III, DEFENDANT-RESPONDENT. 






PAUL WILLIAM BELTZ, P.C., BUFFALO (WILLIAM A. QUINLAN OF COUNSEL), FOR PLAINTIFF-APPELLANT.
KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (JUSTIN L. HENDRICKS OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered January 23, 2019. The order granted the motion of defendant for summary judgment and, insofar as appealed from, dismissed the complaint as amplified by the amended and supplemental bill of particulars, with respect to the permanent consequential limitation of use, significant limitation of use and 90/180-day categories of serious injury. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied in part and the complaint, as amplified by the amended and supplemental bill of particulars, is reinstated with respect to the permanent consequential limitation of use, significant limitation of use, and 90/180-day categories of serious injury within the meaning of Insurance Law § 5102 (d).
Memorandum: In this action to recover damages for injuries allegedly sustained as a result of a motor vehicle accident, plaintiff appeals from an order that, inter alia, granted defendant's motion for summary judgment dismissing the complaint, as amplified by the amended and supplemental bill of particulars, with respect to the permanent consequential limitation of use, significant limitation of use, and 90/180-day categories of serious injury (see Insurance Law § 5102 [d]). We agree with plaintiff that Supreme Court erred in granting the motion to that extent, and we therefore reverse the order insofar as appealed from.
Defendant failed to meet his initial burden of establishing that plaintiff did not sustain a serious injury under the permanent consequential limitation of use or significant limitation of use categories inasmuch as defendant's own submissions in support of his motion raised triable issues of fact with respect to those categories (see Barnes v Occhino, 171 AD3d 1455, 1456 [4th Dept 2019]). Defendant submitted the affirmed reports of an orthopedic surgeon who examined plaintiff on behalf of defendant, in which the orthopedic surgeon noted that plaintiff had significant limited range of motion in her cervical spine and that such restriction was causally related to the accident. Defendant also submitted the reports of a neurologist who examined plaintiff on behalf of defendant. Those reports contain a review of plaintiff's imaging studies, which showed a posterior bulge at 5-6 and 6-7 of the cervical spine and noted that plaintiff had spasms in her cervical paraspinals and a significant limited range of motion in her cervical spine with cervical straining that was causally related to the motor vehicle accident. Thus, defendant's submissions in support of the motion raised a triable issue of fact whether there was objective evidence of an injury (see id.; Crane v Glover, 151 AD3d 1841, 1842 [4th Dept 2017]), and whether the accident caused plaintiff to sustain a serious injury under the permanent consequential limitation of use and significant limitation of use categories (see Schaubroeck v Moriarty, 162 AD3d 1608, 1609 [4th Dept 2018]; Landman v Sarcona, 63 AD3d 690, 690-691 [2d Dept 2009]; see generally Harrity v Leone, 93 AD3d 1204, 1206 [4th Dept 2012]).
Defendant also failed to meet his initial burden of establishing that plaintiff was not [*2]prevented from performing substantially all of the material acts that constituted her usual and customary daily activities during no less than 90 of the first 180 days following the accident (see generally Zeigler v Ramadhan, 5 AD3d 1080, 1081 [4th Dept 2004]). Although defendant's orthopedic surgeon and neurological expert opined that plaintiff was capable of performing her activities of daily living and that there was no need for any restriction on her work or school activities, the experts' examinations were conducted more than a year after the motor vehicle accident and did not address plaintiff's limitations during the 180 days immediately following the accident (see Ames v Paquin, 40 AD3d 1379, 1380 [3d Dept 2007]; Burford v Fabrizio, 8 AD3d 784, 786 [3d Dept 2004]), and defendant also submitted the deposition testimony of plaintiff, who testified that she was unable to return to her job in retail after the accident because she had difficulty standing for long periods of time due to her neck pain (cf. McIntyre v Salluzzo, 159 AD3d 1547, 1547-1548 [4th Dept 2018]). Furthermore, although plaintiff's academic performance did not suffer as a result of her injuries, plaintiff was on summer break from college when the accident occurred and did not resume classes until approximately three months after the accident.
Finally, inasmuch as defendant failed to meet his initial burden on the motion, there is no need to consider the sufficiency of plaintiff's opposing papers (see Schaubroeck, 162 AD3d at 1609; Sobieraj v Summers, 137 AD3d 1738, 1739 [4th Dept 2016]). In light of our determination, plaintiff's remaining contention is academic.
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court