Sadler v James (2023 NY Slip Op 03091)

Sadler v James

2023 NY Slip Op 03091

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, MONTOUR, AND OGDEN, JJ.

65 CA 21-01552

[*1]BRITTANI L. SADLER, PLAINTIFF-RESPONDENT,
v
MICAH S. JAMES AND LJ CONSTRUCTION WNY, LLC, DEFENDANTS-APPELLANTS. 

CHELUS, HERDZIK, SPEYER & MONTE P.C., BUFFALO (DANIEL J. CERCONE OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
VANDETTE LAW PLLC, BUFFALO (JAMES M. VANDETTE OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered September 29, 2021. The order, insofar as appealed from, granted in part the motion of plaintiff for partial summary judgment and denied the cross-motion of defendants for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of plaintiff's motion with respect to the 90/180-day category of serious injury within the meaning of Insurance Law § 5102 (d), and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries allegedly sustained in a motor vehicle accident in 2019 when her vehicle was struck from behind by a vehicle operated by Micah S. James (defendant) and owned by LJ Construction WNY, LLC (collectively, defendants). Plaintiff alleged that, as a result of the motor vehicle accident, she suffered serious injuries within the meaning of Insurance Law § 5102 (d) under the permanent consequential limitation of use, significant limitation of use, and 90/180-day categories. Plaintiff moved for summary judgment on the issues of defendant's negligence and serious injury. Defendants opposed the motion and cross-moved for summary judgment dismissing the complaint. Supreme Court granted plaintiff's motion in part with respect to negligence and the 90/180-day category of serious injury. The court otherwise denied plaintiff's motion, and denied defendants' cross-motion.
Initially, we note that, inasmuch as defendants do not challenge that part of the order granting plaintiff's motion with respect to the issue of negligence, they have abandoned any contention with respect thereto (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
Defendants contend that the court erred in granting that part of plaintiff's motion seeking summary judgment on the 90/180-day category of serious injury, and further erred in denying their cross-motion, because plaintiff did not sustain a serious injury that was causally related to the accident. It is undisputed that plaintiff was involved in a previous motor vehicle accident in November 2015, resulting in injuries to her neck, lower back and right arm, including a disc herniation and several disc bulges in her cervical and thoracic spine. As a result of that accident, plaintiff was out of work for at least one year, and received treatment for her injuries through March 2017, at which time she still complained of "pain located in her neck, mid-back and low back." Thus, citing plaintiff's 2015 accident and years of treatment, defendants contend that plaintiff's alleged injuries were preexisting conditions and that plaintiff did not sustain any serious injury as a result of the 2019 accident.
Even assuming, arguendo, that plaintiff met her initial burden on her motion with respect [*2]to the 90/180-day category of serious injury, we conclude that defendants raised a triable issue of fact with respect thereto. Although plaintiff submitted an affirmation of her treating physician and an affidavit of her chiropractor establishing that she sustained serious injuries to her neck, back and left shoulder as a result of the 2019 accident, defendants submitted a report from their expert physician, who conducted an examination of plaintiff and concluded that plaintiff did not sustain any serious injury as a result of that accident. "It is well established that conflicting expert opinions may not be resolved on a motion for summary judgment" (Fonseca v Cronk, 104 AD3d 1154, 1155 [4th Dept 2013] [internal quotation marks omitted]; see Savilo v Denner, 170 AD3d 1570, 1571 [4th Dept 2019]).
Although defendants' expert did not examine plaintiff until over one year after the accident, which would call into question his ability to opine on any limitations that plaintiff had during the initial 180-day period following the accident (see Colavito v Steyer, 65 AD3d 735, 736 [3d Dept 2009]; see also Hawramee v Serena, 192 AD3d 1592, 1593 [4th Dept 2021]; see generally Ames v Paquin, 40 AD3d 1379, 1380 [3d Dept 2007]), the basis of his opinion is that plaintiff did not sustain any significant injury as a result of the 2019 accident, and we conclude that his report raises a triable issue of fact regarding causation sufficient to defeat plaintiff's motion with respect to the 90/180-day category of serious injury. We therefore modify the order accordingly.
Finally, we reject defendants' contention that the court erred in denying their cross-motion. We conclude that denial of the cross-motion was required in light of the conflicting expert opinions with respect to whether plaintiff sustained a serious injury under each of the relevant categories as a result of the accident (see Mays v Green, 165 AD3d 1619, 1621 [4th Dept 2018]).
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court