■ WILLIAM DEVOE, Appellant, v PHILIP KAPLAN et al., Respondents. [717 NYS2d 767] —Lahtinen, J. Appeal from a judgment of the Supreme Court (Malone, Jr., J.), entered July 26, 1999 in Albany County, upon a verdict rendered in favor of defendants.

Plaintiff commenced this action to recover damages for injuries allegedly suffered as the result of a motor vehicle accident at the intersection of First and Liberty Streets in the City of Troy, Rensselaer County. The trial of the matter concluded with a verdict in favor of defendants. After plaintiff's motion to set aside the verdict was denied, a judgment was entered from which plaintiff appeals.

Plaintiff's main argument is that the evidence presented at trial showed that defendant Ana Kaplan (hereinafter defendant) was negligent per se in the operation of her motor vehicle because she violated the Vehicle and Traffic Law by either failing to stop (*see*, Vehicle and Traffic Law § 1172 [a]) or turning the wrong way onto a one-way street (*see*, Vehicle and Traffic Law § 1127 [a]). Accordingly, plaintiff argues, Supreme Court erred in denying his motion for a directed verdict on the issue of liability at the close of the proof and committed further

error when it denied his motion to set aside the jury's verdict as against the weight of the evidence. We disagree and affirm.

Plaintiff was traveling south on First Street and defendant was traveling east on Liberty Street, both streets providing for one-way traffic at the time of the accident. Traffic proceeding east on Liberty Street was controlled by a stop sign at its intersection with First Street. Defendant states in her accident report that she was turning left onto what she believed to be State Route 7 and swerved to the right when she saw plaintiff's truck. Plaintiff's accident report indicated that defendant went through the intersection without stopping at the stop sign, but made no mention of defendant attempting an illegal left turn at the intersection. Defendant testified that she stopped at the intersection with the intention of turning left, slowly proceeded into the intersection because she was unable to look around the corner and veered to the right when she saw plaintiff approaching. Plaintiff testified that he could not recall whether defendant was making a left turn or proceeding straight through the intersection.

While it is well settled that "a defendant's unexcused violation of the Vehicle and Traffic Law constitutes negligence *per se*" (*Holleman v Miner*, 267 AD2d 867, 868-869) and, if proven, "[cannot] be disregarded by the jury" (*Weiser v Dalbo*, 184 AD2d 935, 936, *lv dismissed* 80 NY2d 925), great deference is accorded to a jury's interpretation of the trial evidence (*see, Raucci v City School Dist. of City of Mechanicville*, 203 AD2d 714, 714-715; *Durkin v Peluso*, 184 AD2d 940, 940-941). Only when the evidence preponderates so greatly in the movant's favor that it is clear that the jury could not have reached its conclusion on any fair interpretation of the evidence will a court set aside a verdict as against the weight of the evidence (*see, Lolik v Big V Supermarkets*, 86 NY2d 744, 746; *Sprung v O'Brien*, 168 AD2d 755). Here, the jury could have credited defendant's testimony that she stopped at the intersection, and although intending to make an improper left turn was involved in the accident while she slowly and properly proceeded into the intersection in order to improve her obstructed view. Accordingly, we do not find that the evidence preponderated so greatly in plaintiff's favor that the jury could not have fairly found that defendant was not negligent (*see, id.*). We also conclude that Supreme Court correctly denied plaintiff's motion for a directed verdict (*see, Clemente v Impastato*, 274 AD2d 771, 773; *Matter of Soltys*, 199 AD2d 846, 847, *lv denied* 83 NY2d 754).

Plaintiff also claims that Supreme Court committed prejudi-

cial error requiring a new trial by failing to properly charge the jury concerning the provisions of Vehicle and Traffic Law § 1172 (a) and § 1142. However, no exception was made by plaintiff's trial counsel to Supreme Court's charge, precluding appellate review (*see, Harris v Armstrong*, 64 NY2d 700, 701; *Piehnik v Graff*, 158 AD2d 863, 865).

In light of the above we need not reach the other issues addressed on this appeal.

Crew III, J. P., Peters, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, with costs.