■ MICHAEL MISZKO, III, Appellant, v SONYA LUMA et al., Respondents. [725 NYS2d 459] —Rose, J. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered June 8, 2000 in Ulster County, upon a verdict rendered in favor of defendants.

This action arose out of a motor vehicle accident involving plaintiff's motorcycle and a pickup truck operated by defendant Sonya Luma (hereinafter defendant), who had been traveling westbound when she turned left across plaintiff's eastbound lane of travel. Before trial began, Supreme Court precluded defendants from introducing evidence that plaintiff lacked a motorcycle operator's license at the time of the accident, but ruled that evidence of him having a permit would be allowed only on the issue of his experience and ability to operate a motorcycle. The court also precluded plaintiff's introduction of evidence that defendant had pleaded guilty to an improper right turn as a result of the accident. The jury returned a verdict finding that defendant was not negligent, and Supreme Court denied plaintiff's motion to set aside the verdict. Plaintiff now appeals.

On the issue of the admissibility of plaintiff's operation of the motorcycle with a permit, Supreme Court ruled in its discretion that such evidence was relevant to establish plaintiff's experience and ability to operate a motorcycle, but not to suggest that he was illegally operating it at the time of the accident. During trial, there were very few references to the permit issue and, in response to a jury question asking the court to clarify whether plaintiff had been riding with a permit or license, Supreme Court correctly cautioned the jury that operation with a permit was to be considered only on the issue of plaintiff's experience and ability to operate a motorcycle. Even if the jury erroneously considered the lack of a license to be indicative of plaintiff's negligence (*see, Almonte v Marsha Operating Corp.*, 265 AD2d 357), that would not account for its finding of no negligence on the part of defendant. Thus, if such an error occurred, it was harmless.

We cannot say the same for Supreme Court's exclusion of ev-

idence of defendant's guilty plea. " '[A]ll facts having rational probative value are admissible, unless some specific rule forbids' " (*Cohens v Hess*, 92 NY2d 511, 513-514, quoting 1 Wigmore, Evidence § 10, at 677 [Tillers rev 1983]). Supreme Court's reliance here on the fact that defendant's plea involved an improper right turn as opposed to an improper left turn was misplaced, as there is nothing in the record to suggest that defendant's plea was for making a turn other than the left turn into plaintiff's lane of travel. Although the record does not indicate what section of the Vehicle and Traffic Law was admittedly violated, the police accident report notes that a violation of Vehicle and Traffic Law § 1141 was charged, defendant conceded that her turn was to the left, and there was no intersecting roadway to the right. While the description of the turn in the violation to which defendant pleaded could have been the result of either a plea agreement or a typographical error, the pertinent fact admitted by defendant in pleading guilty is that her turning of her vehicle at the time of the accident was improper and had violated the Vehicle and Traffic Law. The inadvertent or artful description of the turn did not make her admission irrelevant or warrant exclusion of the guilty plea.

"[I]t is well settled that 'a defendant's unexcused violation of the Vehicle and Traffic Law constitutes negligence per se' * * * and, if proven, '[cannot] be disregarded by the jury' " (*Devoe v Kaplan*, 278 AD2d 734, 735 [citations omitted]). In this case, a jury verdict of no negligence on the part of defendant would have been against the weight of the evidence if proof of defendant's plea had been presented and no excuse or explanation were offered by defendant. As a new trial is warranted when an error by the court affects the determination of the jury (*see, Mooney v Osowiecky*, 235 AD2d 603, 604; *Dance v Town of Southampton*, 95 AD2d 442, 449-450, 453), we find that Supreme Court's exclusion of this evidence warrants a new trial.

Mercure, J. P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law and the facts, and matter remitted to the Supreme Court for a new trial, with costs to abide the event.