■ FRANK BREWER, Appellant, v DANNY P. MAINES, Respondent. (Action No. 1.) FRANK BREWER, Appellant, v MARTHA WESTON, Respondent. (Action No. 2.) [766 NYS2d 230] —Lahtinen, J. Appeal from an order of the Supreme Court (Sise, J.), entered February 26, 2002 in Fulton County, which, inter alia, granted defendants' motions for summary judgment dismissing the complaints.

Plaintiff was allegedly injured when the motor vehicle he was riding in, owned and operated by defendant Martha Weston, was involved in an accident with a vehicle owned and operated by defendant Danny P. Maines. Plaintiff commenced separate actions against Weston and Maines and, after issue was joined and discovery completed, each defendant moved for summary judgment. Plaintiff cross-moved for leave to amend his bill of particulars to identify Craig Anderson, a chiropractor, as an additional medical provider. Plaintiff also submitted an affidavit from Anderson in opposition to defendants' motions for summary judgment. Supreme Court granted plaintiff's cross motion with respect to the Weston action, since no note of issue had been filed (CPLR 3042 [b]), considered Anderson's affidavit in opposition to Weston's summary judgment motion and granted Weston's motion finding plaintiff did not sustain a serious injury as defined in Insurance Law § 5102 (d). Supreme Court also granted Maines's motion because it was "predicated on the same record" and, as a result, concluded that plaintiff's motion for leave to amend his bill of particulars with respect to the Maines action was rendered academic.

Plaintiff appeals claiming that the affidavit of defendants'

expert,* submitted in support of their respective motions, was insufficient to establish defendants' entitlement to judgment as a matter of law. Alternatively, plaintiff argues that his submissions in opposition to defendants' motions were sufficient to raise a question of fact.

While we agree with Supreme Court that defendants met their initial burden of submitting competent proof in admissible form showing that plaintiff's injuries do not rise to the level of serious injury, we find that plaintiff's submissions raised a triable issue of fact with respect to whether or not he sustained a permanent consequential limitation of use of a body organ or member or a significant limitation of use of a body function or system.

As Supreme Court noted, defendants do not dispute that plaintiff has a herniated disc. Anderson opined in his affidavit that the subject motor vehicle accident caused plaintiff to sustain a herniated disc or aggravated an asymptomatic bulging disc resulting in a permanent 30% loss of use in his lumbosacral spine (*see Rose v Furgerson,* 281 AD2d 857 [2001], *lv denied* 97 NY2d 602 [2001]). Anderson further sets forth in his affidavit that he reviewed plaintiff's medical records, obtained a history from plaintiff and conducted physical examinations of plaintiff which revealed, among other things, a short left leg deficiency, positive straight leg raising test on the right, positive supine straight leg test on the left and observable muscle spasms in the lumbar spine. We find Anderson's opinion that the motor vehicle accident caused plaintiff to lose 30% of the use of his spine is supported by objective medical evidence and raises a question of fact as to whether plaintiff suffered a significant or permanent consequential limitation of use of his lumbosacral spine (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345, 352-353 [2002]).

In light of our decision herein and in the interest of judicial economy, we grant plaintiff's motion for leave to amend his bill of particulars in the Maines action.

Mercure, J.P., Peters, Spain and Mugglin, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as granted defendants' motions for summary judgment dismissing the causes of action alleging a permanent consequential limitation of use of a body organ or member or a significant limitation of use of a body function or system; motions denied to that extent and plaintiff's

---

* Maines submitted the affidavit of Virgilio Victoriano, an orthopedic surgeon, which was relied upon by Weston. Victoriano found no objective findings to support plaintiff's subjective symptoms.

cross motion for leave to serve an amended bill of particulars in the Maines action granted; and, as so modified, affirmed.