■ RODNEY J. LOWELL et al., Appellants, v STEPHEN M. PETERS et al., Respondents. [770 NYS2d 796]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Williams, J.), entered March 26, 2003 in Saratoga County, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff Rodney J. Lowell (hereinafter plaintiff) was injured in October 1998 when his automobile was struck at an intersection by defendant Stephen M. Peters who, having run a red light, subsequently pleaded guilty to a violation of Vehicle and Traffic Law § 1111 (d) (1). Following completion of discovery,

defendants moved for summary judgment dismissing plaintiffs' complaint based upon the lack of a serious injury within the meaning of Insurance Law § 5102 (d), and plaintiffs cross-moved for summary judgment on the issue of liability. Supreme Court granted defendants' motion and denied plaintiffs' cross motion as moot. Plaintiffs appeal.

Plaintiffs' pleadings assert serious injury claims in two categories, namely, a permanent loss of use of a body organ, member, function or system and the inability to perform normal and customary activities for a period of 90 days out of the 180 days immediately following the accident (*see* Insurance Law § 5102 [d]). Defendants, by submitting the results of an independent medical examination (hereinafter IME), together with plaintiff's deposition testimony and pleadings, have sustained their initial burden of establishing that plaintiff suffered no serious injury in the permanent loss of use category (*see e.g. Davis v Evan*, 304 AD2d 1023, 1024-1025 [2003]; *Sands v Stark*, 299 AD2d 642, 643 [2002]; *Dabiere v Yager*, 297 AD2d 831, 831-832 [2002], *lv denied* 99 NY2d 503 [2002]). Plaintiffs, therefore, became obligated to submit objective medical evidence (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 353 [2002]; *Buster v Parker*, 1 AD3d 659, 660 [2003]) to establish a genuine triable issue of fact (*see Brewer v Maines*, 309 AD2d 1088, 1089 [2003]; *Weller v Munson*, 309 AD2d 1098, 1099 [2003]; *Hubert v Tripaldi*, 307 AD2d 692, 693 [2003]). In an effort to do so, plaintiff submitted his medical records, the affidavit of his treating cardiac specialist, his own affidavit, and the deposition testimony of Peters. Neither plaintiff's own affidavit nor Peters' deposition testimony meets this standard. Plaintiff's affidavit simply refers to his claims of subjective pain and Peters' deposition testimony does not refer to plaintiff's claimed injuries. The medical records reveal that the objective tests conducted postaccident contain no evidence of permanent injury causally related to the accident. In his affirmation, plaintiff's cardiologist reports the results of an electrocardiogram performed on the day of the accident and he concludes that plaintiff's preexisting stabilized heart condition had been "destabilized" as a result of the accident, preventing him from performing his usual and customary activities for at least 90 days postaccident. However, this affirmation fails to support a permanent loss of use claim because the doctor reported that, based on his March 29, 1999 examination, plaintiff "had stabilized from a cardiac standpoint." Thus, we conclude that plaintiff's evidence does not establish a genuine triable issue of fact with respect to his claim that he suffered a serious injury within the permanent loss of use category.

With respect to the 90/180-day serious injury category,

defendants have failed to meet their initial burden of proof and, therefore, have not shifted the burden to plaintiffs to lay bare their evidence with respect to this claim. The report of the IME relied upon by defendants fails to discuss this particular category of serious injury and, further, the IME took place well beyond the expiration of the 180-day period (*see Tornatore v Haggerty*, 307 AD2d 522, 523 [2003]; *Calafiore v Kiley*, 303 AD2d 816, 818 [2003]; *Temple v Doherty*, 301 AD2d 979, 982-983 [2003]). Accordingly, defendants are not entitled to summary judgment with respect to this category of serious injury.

As a result, plaintiffs' cross motion for partial summary judgment on the issue of liability is not moot. With respect thereto, it is well settled that where a person violates a statute without an adequate excuse and causes the harm that the statute was created to prevent, such violation is negligence per se (*see Miszko v Luma*, 284 AD2d 641, 642 [2001]; *Devoe v Kaplan*, 278 AD2d 734, 735 [2000]; *Boston v Dunham*, 274 AD2d 708, 710 [2000]). In opposition to this cross motion, defendants failed to proffer any evidence of mitigating facts that would excuse this violation. Peters' deposition testimony establishes that he was talking on his cell phone and did not look at the light for at least 100 yards prior to entering the intersection. Consequently, on this record, plaintiffs have established defendants' negligence per se and are entitled to partial summary judgment on the issue of liability.

Spain, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is modified, on the law, with costs to plaintiffs, by reversing so much thereof as granted defendants' motion for summary judgment dismissing that part of the complaint alleging that plaintiff Rodney J. Lowell sustained a serious injury in the 90/180 category and as denied plaintiffs' cross motion; motion denied to that extent, cross motion granted and partial summary judgment awarded to plaintiffs; and, as so modified, affirmed.