■ SEBASTIAN MAGRO et al., Appellants, v HE YIN HUANG et al., Respondents. [777 NYS2d 318]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Jonas, J.), entered January 24, 2002, which granted the separate motions of the defendants for summary judgment dismissing the complaint on the ground that the plaintiff Sebastian Magro did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and dismissed the complaint.

Ordered that the order and judgment is affirmed, with costs payable to the respondent Morris Roseman.

The defendants established a prima facie case that the plaintiff Sebastian Magro (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). In support of their separate motions, the defendants submitted, inter alia, the affirmed reports of two examining physicians, an orthopedist, and a neurologist, who opined that the injured plaintiff was "orthopedically stable," exhibiting no "objective signs of ongoing disability or functional impairment" or "clinical evidence of a neurological impairment or deficit."

In opposition, the plaintiffs failed to raise a triable issue of

fact. The plaintiffs' medical evidence was not in admissible form (*see Grasso v Angerami,* 79 NY2d 813 [1991]; *Pagano v Kingsbury,* 182 AD2d 268 [1992]). Although the dissent characterizes the statement of the injured plaintiff's treating physician as an "affidavit," the record clearly indicates that such statement was neither sworn to nor affirmed to be true under penalties of perjury (*see* CPLR 2106). H. Miller, J.P., Townes and Rivera, JJ., concur.

Goldstein, J., dissents and votes to reverse the order appealed from and to deny the motions, with the following memorandum: In support of their motions for summary judgment dismissing the complaint on the ground that the injured plaintiff did not sustain a serious injury as defined in Insurance Law § 5102 (d), the defendants submitted medical reports indicating that as a result of the accident, the injured plaintiff sustained bulging and herniated discs in the lumbar spine, with bulging at L3-4 and herniation at L4-5. On November 29, 1994, the day after the accident, the injured plaintiff sought "conservative" treatment, including pain medication and specific exercises for his back. According to those reports, he consulted two physicians for "orthopedic follow up visits" from January 26, 1995, through August 25, 1997, and underwent physical therapy until 1998.

The defendants also submitted a copy of the injured plaintiff's deposition in which he testified that he saw his physician every three to four months depending on how he felt and if he needed a new prescription for ibuprofen. His main complaint was "constant" tingling and numbness in his legs, primarily in his right leg. His injuries forced him to curb activities involving pushing, pulling, or lifting at work and at home.

Under these circumstances, the defendants failed to establish their entitlement to judgment as a matter of law (*see Manzano v O'Neil,* 98 NY2d 345, 354-355 [2002]; *Jankowsky v Smith,* 294 AD2d 540 [2002]). Further, contrary to the defendant Morris Roseman's contention, there were no apparent unexplained gaps in medical treatment.

In any event, the plaintiffs raised triable issues of fact which precluded the granting of summary judgment. The injured plaintiff submitted an affidavit from his treating physician who stated that he was making "this affidavit in regard to the care, treatment and diagnosis of [his] patient, Sebastian Magro, who was injured in a motor vehicle accident on November 28, 1994." The treating physician quantified the injured plaintiff's loss of range of motion as 20% to 50% based upon straight leg raises. The physician also confirmed that the injured plaintiff suffered from "decreased sensation in the L3-4 and nerve root distribu-

tion on the right," concluding that "[b]ased upon his examinations to date, inclusive of his visits in 1999 and 2000," the injured plaintiff sustained a "permanent, partial, moderate disability related to low back pain, and a loss of motion (ranging 20% to 50%) as a result of the disc herniation at the L4-5 level and a bulging disc at the L3-4 level" and "would have to live with his pain."

The majority, in support of its determination that the plaintiffs failed to raise a triable issue of fact, concluded that the affidavit of the injured plaintiff's treating physician was insufficient, on the ground that it "was neither sworn to nor affirmed to be true under penalties of perjury" (*see* CPLR 2106). This issue was not raised by the parties, either in the Supreme Court or in this Court. Since this issue was not raised by the parties, it is not before us on this appeal. Moreover, the physician characterized his statement as an "affidavit," and his signature was acknowledged by a notary public. Thus, there was no basis to conclude that the doctor was unaware of the legal significance of the term "affidavit" and his obligation to tell the truth in accordance with his religious or ethical beliefs (*see Collins v AA Truck Renting Corp.,* 209 AD2d 363 [1994]).