■ CHUI FONG LAM, Respondent, v SPRING SCAFFOLDING, INC., et al., Appellants. [824 NYS2d 337]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Bayne, J.), dated February 17, 2005, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, without costs or disbursements.

While we affirm the order of the Supreme Court, we do so on a ground other than that relied upon by the Supreme Court. The defendants did not satisfy their initial prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The affirmed medical report of the defendants' examining orthopedist merely

noted that the plaintiff had "full" range of motion in the cervical and lumbosacral regions of her spine, as well as her left shoulder, without setting forth the objective test or tests performed supporting these conclusions (*see Nembhard v Delatorre,* 16 AD3d 390 [2005]; *Black v Robinson,* 305 AD2d 438 [2003]). Moreover, while the affirmed medical report of the defendants' examining neurologist set forth findings concerning the range of motion of the cervical and thoracolumbar regions of the plaintiff's spine, those findings were not compared to the normal range of motion (*see Sullivan v Dawes,* 28 AD3d 472 [2006]; *Browdame v Candura,* 25 AD3d 747 [2006]; *Paulino v Dedios,* 24 AD3d 741 [2005]; *Kennedy v Brown,* 23 AD3d 625 [2005]; *Baudillo v Pam Car & Truck Rental, Inc.,* 23 AD3d 420 [2005]; *Manceri v Bowe,* 19 AD3d 462 [2005]; *Aronov v Leybovich,* 3 AD3d 511 [2004]).

Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law in the first instance, it is unnecessary to consider whether the plaintiff's papers, submitted in opposition, raised a triable issue of fact (*see Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]). Miller, J.P., Santucci, Goldstein, Skelos and Lunn, JJ., concur.