■ Yury Spektor et al., Appellants, v Chehade C. Dichy, Also Known as Charles C. Dichy, Respondent. [824 NYS2d 403]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated September 9, 2005, as upon granting, in effect, reargument, adhered to its determination in a prior order of the same court dated May 13, 2005, granting the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff Yury Spektor did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, in effect, upon reargument, the order dated May 13, 2005 is vacated, and the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff Yury Spektor did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is denied.

Upon granting, in effect, reargument, the Supreme Court erred in adhering to its prior determination dated May 13, 2005, granting summary judgment to the defendant. The defendant failed to establish prima facie that the injured plaintiff, Yury Spektor, did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). In his affirmed medical report following cervical range of motion testing, the defendant's examining orthopedic surgeon merely stated that the injured plaintiff had "excellent" range of motion with "60 degrees of extension, 80 degrees of rotation to the right and left, and full forward flexion to 50 degrees." He further noted that right and left lateral bending was to "40 degrees." As to the lumbar spine range of motion, he found that the injured plaintiff had "75 degrees of forward flexion and 30 degrees of extension," and lateral bending to the left and right was to "30 degrees." Nowhere were these findings compared against what is normal range of motion. His failure to do so requires denial of the defendant's motion (*see Sullivan v Dawes*, 28 AD3d 472 [2006]; *Browdame v Candura*, 25 AD3d 747 [2006]; *Paulino v Dedios*, 24 AD3d 741 [2005]; *Kennedy v Brown*, 23 AD3d 625 [2005]; *Baudillo v Pam Car & Truck Rental, Inc.*, 23 AD3d 420 [2005]; *Manceri v Bowe*, 19 AD3d 462 [2005]; *Aronov v Leybovich*, 3 AD3d 511 [2004]).

Since the defendant failed to sustain his initial burden on his motion, it is not necessary to consider whether the plaintiffs' papers in opposition were sufficient to raise a triable issue of fact (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]).

The defendant's remaining contention is without merit. Miller, J.P., Santucci, Goldstein, Skelos and Lunn, JJ., concur.