■ Jorge G. Valdes, Appellant, v Deirdre L. Timberger et al., Respondents. [837 NYS2d 579]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (McGuirk, J.), dated June 30, 2006, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendants failed to establish their prima facie entitlement to judgment as a matter of law (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). The affirmed report of their orthopedist noted that the

plaintiff had radiating pain down the left leg, and straight leg raising was "equivocally positive at 80 degrees on the left side," without stating what was normal. He claimed that a physical examination of the plaintiff's lumbar and cervical spine revealed "a full range of motion in all directions" without setting forth the objective test or tests performed, his measurements of ranges of motion, if any, or what constituted a normal range of motion (*see Chui Fong Lam v Spring Scaffolding, Inc.,* 33 AD3d 955 [2006]).

Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law in the first instance, we need not consider the sufficiency of the plaintiff's opposition papers (*see Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]). Rivera, J.P., Goldstein, Skelos and Balkin, JJ., concur.