■ ANGELA COLAVITO, Respondent, v NICHOLAS P. STEYER, Appellant. [883 NYS2d 807]—

Kane, J. Appeal from an order of the Supreme Court (Lynch, J.), entered June 19, 2008 in Ulster County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action to recover for injuries to her right shoulder allegedly sustained in a motor vehicle accident. Defendant moved for summary judgment dismissing the complaint on the basis that plaintiff did not suffer a serious injury (*see* Insurance Law § 5102 [d]; § 5104 [a]). Supreme Court denied the motion, prompting defendant's appeal. We affirm.

Defendant failed to meet his initial burden of proving, as a matter of law, that plaintiff did not sustain a serious injury (*see Smalls v AJI Indus., Inc.*, 10 NY3d 733, 735 [2008]; *Santos v Marcellino*, 297 AD2d 440, 441 [2002]). Defendant's experts,

relying on an MRI taken shortly after the accident, opined that plaintiff's symptoms were related to a preexisting condition and, thus, were not causally related to the accident. Yet the experts failed to address any aggravation of the preexisting condition, which had reportedly been asymptomatic prior to the accident (*see Ashquabe v McConnell*, 46 AD3d 1419, 1419 [2007]; *Madden v Dake*, 30 AD3d 932, 936 [2006]). The experts—one of whom examined plaintiff 18 months after the accident and the other who did not examine her at all—also did not adequately address plaintiff's condition or limitations within the first 180 days following the accident, which was necessary to foreclose the 90/180-day category of serious injury (*see Ames v Paquin*, 40 AD3d 1379, 1380 [2007]; *Lowell v Peters*, 3 AD3d 778, 780 [2004]). Accordingly, Supreme Court correctly held that defendant failed to prove his entitlement to summary judgment.

Supreme Court also correctly held that had defendant met his initial burden, plaintiff's response raised triable factual issues. Plaintiff submitted her own affidavit which denied any preexisting problems with her shoulder and detailed her inability to perform most ordinary and customary tasks of daily living. She also submitted an affirmation from her physician, who treated plaintiff within the first 180 days following the accident. That physician opined that plaintiff's symptoms were caused by the accident and necessitated surgery, she was asymptomatic prior to the accident and was permanently incapable of returning to her preaccident physical condition. Medical records, including quantified results of plaintiff's limited range of motion, were attached to the affirmation to support these opinions (*compare Wolff v Schweitzer*, 56 AD3d 859, 862 [2008]). Consequently, plaintiff's response raised triable issues regarding whether she suffered a serious injury as a result of this accident, requiring the denial of defendant's motion (*see Madden v Dake*, 30 AD3d at 936; *Mrozinski v St. John*, 304 AD2d 950, 952-953 [2003]).

Mercure, J.P., Rose and Garry, JJ., concur. Ordered that the order is affirmed, with costs.