■ GRIGORI NIAZOV, Respondent, v CORLEAN CAB CORP. et al., Appellants. [899 NYS2d 242]—In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Vaughan, J.), dated June 17, 2009, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In support of their motion, the defendants relied upon, inter alia, the report of an orthopedic surgeon who examined the plaintiff. The report was without any probative value since he failed to affirm the contents of his report under the penalties of perjury, as required by CPLR 2106 (*see Magro v He Yin Huang*, 8 AD3d 245 [2004]; *Slavin v Associates Leasing*, 273 AD2d 372 [2000]; *Baron v Murray*, 268 AD2d 495 [2000]; *Cwiekala v Siddon*, 267 AD2d 193 [1999]). Without the report, the defendants could not meet their burden on the motion.

Since the defendants failed to meet their prima facie burden, it is unnecessary to consider whether the papers submitted by

the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Gaccione v Krebs*, 53 AD3d 524 [2008]; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Dillon, J.P., Miller, Balkin, Leventhal and Austin, JJ., concur.