McCarthy, J.
Plaintiff Hilda Schmidt (hereinafter plaintiff) was a passenger in a parked vehicle being operated by her husband, plaintiff Peter Schmidt, when defendant’s car collided with plaintiffs’ stationary vehicle. Plaintiff and her husband, derivatively, commenced this action alleging that plaintiff sustained a serious physical injury (see Insurance Law § 5102 [d]). Peter Schmidt moved for summary judgment dismissing defendant’s counterclaim against him. Defendant cross-moved for summary judgment dismissing the complaint on the grounds that plaintiff did not sustain a serious injury and the emergency doctrine relieved him of liability. Supreme Court granted defendant’s cross motion on the serious injury ground. Plaintiffs appeal.
Defendant did not establish his entitlement to summary judgment because questions of fact exist regarding whether plaintiff suffered a serious injury to her spine. If a plaintiff establishes that he or she sustained an injury within any of the categories that satisfy the no-fault threshold, the serious injury issue is removed from the case and the plaintiff may recover for all injuries caused by the accident (see O’Neill v O’Neill, 261 AD2d 459, 460 [1999]; Preston v Young, 239 AD2d 729, 731 n [1997]). Defendant submitted plaintiffs medical records, which include her continuing complaints of back pain. MRIs revealed several mild, broad-based disc bulges or protrusions. Under certain circumstances, a bulging disc can constitute a serious injury “if it results in a quantifiable loss in an individual’s range of motion” (Mahar v Bartnick, 91 AD3d 1163, 1165 [2012]). Defendant submitted a report and affidavit of neurologist James Storey, who examined plaintiff and reviewed her medical records. Storey noted that his physical exam revealed a mildly restricted cervical range of motion to 45 degrees, with plaintiff able to bring her chin down to her chest. He did not identify or explain what range of motion tests he performed, or what the normal range of motion is to compare to her performance (see Chiara v Dernago, 70 AD3d 746, 746-747 [2010]; Spektor v Dichy, 34 *941 AD3d 557, 558 [2006]; Chui Fong Lam v Spring Scaffolding, Inc., 33 AD3d 955, 955-956 [2006]; see also MacMillan v Cleveland, 82 AD3d 1388, 1389 [2011]; Hayes v Johnston, 17 AD3d 853, 854 [2005]). Storey’s conclusions that plaintiff’s injuries were not serious, without an explanation of his opinion regarding quantified results, failed to meet defendant’s burden of showing that plaintiff did not qualify under the permanent consequential loss of use or significant limitation of use categories of serious injury. Thus, we need not address plaintiffs’ submissions in response; defendant’s cross motion for summary judgment on the ground of serious injury should have been denied.
Defendant was not entitled to summary judgment on the basis of the emergency doctrine. Defendant asserted that his vehicle suddenly accelerated, but the vehicle was never inspected after the accident because it was totaled. His assertion, without any proof of a mechanical defect, merely raised questions of fact regarding whether a true emergency existed, whether any emergency was of defendant’s own making and whether defendant responded as a reasonable person would under the circumstances (see Schlanger v Doe, 53 AD3d 827, 828 [2008]).
Mercure, J.E, Rose, Lahtinen and Stein, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiffs, by reversing so much thereof as granted defendant’s cross motion for summary judgment; cross motion denied; and, as so modified, affirmed.