■ Lisa Hyatt, Appellant, v Richard Maguire et al., Respondents. [966 NYS2d 238]—

Rose, J.P. Appeal from an order of the Supreme Court (McKeighan, J.), entered March 19, 2012 in Washington County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff was diagnosed by orthopedist Richard Saunders as having suffered a dislocated left sternoclavicular (hereinafter SC) joint as the result of a motor vehicle accident and, following roughly a year of unsuccessful treatment, Saunders performed surgery to remove approximately three centimeters from her left radial clavicle. Subsequently, plaintiff commenced this negligence action against defendants, asserting, as limited by her brief on this appeal, that she suffered a serious injury to her left shoulder within the meaning of Insurance Law § 5102 (d). Defendants thereafter moved for summary judgment dismissing the complaint and Supreme Court granted the motion, finding that they had met their prima facie burden of showing that plaintiff did not suffer a serious injury and that plaintiff, in response, had failed to demonstrate the existence of a material issue of fact. Plaintiff now appeals.

As Supreme Court found, defendants met their initial burden of establishing that plaintiff did not sustain a serious injury as a result of the accident (see Womack v Wilhelm, 96 AD3d 1308, 1310 [2012]; Peterson v Cellery, 93 AD3d 911, 912 [2012]; Howard v Espinosa, 70 AD3d 1091, 1092 [2010]), and the burden then shifted to plaintiff to raise a material issue of fact (see Lar-

*rabee v Bradshaw*, 96 AD3d 1257, 1260 [2012]; *Houston v Hofmann*, 75 AD3d 1046, 1048 [2010]). Although we will not consider Saunders' June 2011 letter because he did not affirm its contents under the penalties of perjury and, therefore, it did not amount to an affirmation pursuant to CPLR 2106 (*see Niazov v Corlean Cab Corp.*, 71 AD3d 749, 749 [2010]; *Matter of Rodriguez v Chassin*, 235 AD2d 832, 834 [1997]; *Cannizzaro v King*, 187 AD2d 842, 843 [1992]), we nevertheless agree that plaintiff has carried her burden with regard to the permanent consequential limitation and significant limitation of use categories of serious injury by proffering a qualitative assessment comparing plaintiff's present limitations to the normal function, purpose and use of her left shoulder and arm (*see Peterson v Cellery*, 93 AD3d at 913; *Dean v Brown*, 67 AD3d 1097, 1098 [2009]; *John v Engel*, 2 AD3d 1027, 1029 [2003]).

Plaintiff relied primarily on the records of Saunders who, despite the absence of confirming radiographs or MRIs, diagnosed her with a dislocated SC joint that he consistently detected through palpation and then observed during the surgery. The anterior subluxation of the SC joint was further confirmed during several examinations by orthopedist John Macy, who also discussed surgery with plaintiff. Saunders opined that the injury was the result of the accident and that, as a consequence, she suffered from a "moderate overall permanent disability" that included persistent pain in her shoulder, difficulty with overhead use of the left arm, restrictions with lifting over 20 pounds and the inability to use her left arm repetitively. Plaintiff, consistent with the physical deficiencies described by Saunders, testified that she could no longer work as an early education teacher because of her inability to lift children. Also previously employed as a housekeeper, she testified that, a year and a half after the accident, she could perform some household chores, but still could not vacuum, dust or lift objects. Taken together, and viewed in a light most favorable to plaintiff, the qualitative nature of plaintiff's limitations as described by Saunders were not so " 'minor, mild or slight' as to be considered insignificant within the meaning of Insurance Law § 5102 (d)" (*Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 353 [2002], quoting *Licari v Elliott*, 57 NY2d 230, 236 [1982]; *see Flottemesch v Contreras*, 100 AD3d 1227, 1229 [2012]).

We have examined plaintiff's remaining contentions and have found them to be without merit.

Lahtinen, McCarthy and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so

much thereof as granted defendants' motion for summary judgment dismissing that part of the complaint alleging that plaintiff suffered a serious injury in the permanent consequential limitation of use and significant limitation of use categories; motion denied to that extent; and, as so modified, affirmed.