*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 16, 2014                517390
_____

WILLIAM POOLE,
                    Appellant,

          v                                  MEMORANDUM AND ORDER

STATE OF NEW YORK,
                    Respondent.
_____

Calendar Date:  September 3, 2014

Before:  Peters, P.J., Lahtinen, Garry, Rose and Clark, JJ.

_____

        John T. Casey Jr., Troy, for appellant.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondent.

_____

Lahtinen, J.

        Appeal from an order of the Court of Claims (McCarthy, J.),
entered November 30, 2012, which, among other things, granted
defendant's motion for summary judgment dismissing the claim.

        Claimant contends that he sustained a serious injury within
the meaning of Insurance Law § 5102 (d) when his vehicle was in
an accident with a vehicle owned by defendant and operated by
defendant's employee, Kristina Honsinger.  The accident occurred
on March 29, 2010 in the City of Troy, Rensselaer County, when
Honsinger, who was at a stop sign, attempted to enter the street
where claimant was traveling and struck claimant's vehicle on the
passenger side near the rear wheel area.  Claimant sought medical
treatment two days after the accident with complaints of, among
other things, pain in his neck, shoulders and upper back.
Thereafter, he received treatment from several healthcare

providers including, during the six months after the accident, about 10 visits to his primary care doctor and a neurologist — where he twice received epidural injections — as well as multiple sessions of physical therapy and therapeutic massage.  He was also seen by an orthopedist during such time and, after several visits, opted for surgery in November 2010 for a herniated disc allegedly caused by the accident.

Plaintiff commenced this claim asserting serious injury under the permanent consequential limitation of use, significant limitation of use and 90/180-day categories.  Following discovery, defendant moved for summary judgment dismissing the claim upon the ground that claimant did not suffer a serious injury.  Claimant opposed the motion and cross-moved for partial summary judgment on the issue of liability.  The Court of Claims granted defendant's motion and denied claimant's cross motion as moot.  Claimant appeals.

We reverse.  Defendant had the initial burden as the proponent of summary judgment to submit competent medical evidence eliminating any material factual issues (see Russell v Pulga-Nappi, 94 AD3d 1283, 1284 [2012]; D'Auria v Kent, 80 AD3d 956, 957 [2011]).  Although defendant met its burden as to the permanent consequential limitation of use and significant limitation of use categories, defendant failed to meet its burden regarding the 90/180-day category.  Defendant's expert, Christopher Calder, a neurologist, reviewed claimant's medical records and examined claimant in September 2011, which was well after the accident and claimant's surgery for the herniated disc.  Although Calder opined that claimant suffered a "minor cervical sprain" and that his "ongoing symptoms" are not related to the accident, he did not "adequately address [claimant's] condition or limitations within the first 180 days following the accident, which was necessary to foreclose the 90/180-day category of serious injury" (Colavito v Steyer, 65 AD3d 735, 736 [2009]; see Ames v Paquin, 40 AD3d 1379, 1380 [2007]; Lowell v Peters, 3 AD3d 778, 780 [2004]).

Defendant's failure to address with any specificity the 180 days following the accident is notable in light of claimant's allegations and proof (see Torres v Performance Auto. Group,

Inc., 36 AD3d 894, 895 [2007]), which would in any event be sufficient to raise a factual issue as to such category (see Colavito v Steyer, 65 AD3d at 736).  He set forth in his supplemental bill of particulars and testified about his many normal activities that were curtailed following the accident, including, among others, cleaning, lifting, walking for more than 10 minutes, recreational activities, driving for more than 30 minutes, mowing, shoveling, shopping and returning to work.  He included medical evidence as to his inability to return to work and, in fact, eventually was awarded Social Security disability.  Although disputed by defendant, medical opinions and records submitted by claimant causally related his injuries — including the herniated disc and resulting surgery — to the accident as well as setting forth quantified results of limitations on his range of motion.  We further find that, viewed most favorably to claimant, his proof was sufficient to raise triable issues as to the permanent consequential limitation of use and significant limitation of use categories (see Hyatt v Maguire, 106 AD3d 1180, 1181 [2013]).

Next, we consider claimant's cross motion for partial summary judgment on the issue of liability.  Claimant testified at his deposition and submitted an affidavit that he was traveling on a street with the right-of-way and within the speed limit when Honsinger suddenly entered from a side street and struck his vehicle.  Honsinger acknowledged in her deposition that she did not see claimant's vehicle before pulling out past a stop sign, the front of her vehicle hit the passenger's side near the back of claimant's vehicle and she did not observe claimant do anything that caused or contributed to the accident.  Under such circumstances, claimant's cross motion should have been granted (see Griffin v Pennoyer, 49 AD3d 341, 341-342 [2008]; Horton v Warden, 32 AD3d 570, 571-572 [2006]).

Peters, P.J., Garry, Rose and Clark, JJ., concur.

ORDERED that the order is reversed, on the law, without costs, defendant's motion denied, claimant's cross motion granted, and partial summary judgment awarded to claimant.


ENTER:

Robert D. Mayberger
Clerk of the Court