*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: October 23, 2014 516162
_____

ARTHUR R. VANDETTA et al.,
                    Appellants,
        v                                    MEMORANDUM AND ORDER

IDA M. ADAMS,
                    Respondent.
_____

Calendar Date: September 5, 2014

Before: Stein, J.P., McCarthy, Egan Jr., Lynch and Clark, JJ.

                    _____


        Arthur Vandetta, Mechanicville, appellant pro se.

        Horigan, Horigan & Lombardo, PC, Amsterdam (Peter M. Califano of counsel), for respondent.


                    _____


Stein, J.P.

        Appeal from an order of the Supreme Court (Ferradino, J.), entered November 6, 2012 in Saratoga County, which granted defendant's motion for summary judgment dismissing the complaint.

        Plaintiff Arthur R. Vandetta and his wife, derivatively, commenced this action to recover damages for injuries that Vandetta allegedly sustained in a motor vehicle accident with defendant in September 2007. Vandetta alleges that he sustained, among other things, an aggravation of a preexisting ventral hernia condition and an injury to his left shoulder, both of which required surgery. Without contesting liability, defendant moved for summary judgment dismissing the complaint after the completion of discovery, arguing that Vandetta had not sustained a serious injury as defined in Insurance Law § 5102 (d) as a result of the accident. Plaintiffs now appeal from Supreme

Court's order granting defendant's motion and dismissing the complaint.[1]

As the movant, defendant bore the initial burden of establishing, through competent medical evidence, that Vandetta did not suffer a serious injury as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 352 [2002]; Raucci v Hester, 119 AD3d 1044, 1044 [2014]; Putnam v Sysco Corp., 101 AD3d 1571, 1572 [2012]; DeHaas v Kathan, 100 AD3d 1057, 1058 [2012]; Cole v Roberts-Bonville, 99 AD3d 1145, 1146 [2012]). In support of the motion, defendant proffered, among other things, Vandetta's medical records and deposition testimony, as well as a report from Thomas Eagan, a certified orthopedic surgeon who examined Vandetta. Eagan's report concluded that Vandetta's injuries – a rotator cuff tear of the left shoulder and an abdominal hernia – predated the accident and that neither injury was caused thereby.[2] Vandetta's medical records outlined his significant medical history – he suffers from Chrohn's disease and colitis and various complications related thereto; he has been disabled since 1980 and has undergone several surgeries. Relying primarily upon Eagan's report and Vandetta's medical history, Supreme Court determined that defendant carried her initial burden and that plaintiffs failed to raise a material question of fact regarding any serious injury caused by the accident. While we agree with Supreme Court regarding the abdominal hernia, we conclude that defendant failed to meet her initial burden as to the left shoulder injury and, therefore, Supreme Court should not have granted summary judgment dismissing that claim.

---

[1] Although both plaintiffs are listed on the notice of appeal, only Vandetta has filed a brief.

[2] To the extent that plaintiffs' complaint and bill of particulars alleged that Vandetta sustained additional injuries that fell within one or more of the serious injury categories, those claims have been abandoned by plaintiffs' failure to address such injuries on appeal (see Foley v Cunzio, 74 AD3d 1603, 1604 n [2010]).

        Supreme Court found the shoulder injury to be preexisting, noting that Eagan had made such a determination based upon a complaint made by Vandetta to his treating physician in 2004. Eagan's determination that the left shoulder injury was unrelated to the accident was premised upon the misplaced belief that Vandetta had previously complained of left shoulder pain and his conclusion that the tear in the shoulder was degenerative in nature was similarly premised on that mistaken belief. However, our review of the doctor's report documenting such complaint reveals that it merely indicates that Vandetta had sought a letter from the physician excusing him from wearing the shoulder strap of his seatbelt because it caused him discomfort. The doctor's note makes no reference to shoulder pain and was made in the context of an office visit during which Vandetta made complaints relative to his gastrointestinal issues. In fact, Vandetta's preaccident medical records are completely devoid of any indication that he suffered from shoulder pain or any condition regarding his shoulder, and Vandetta testified at his deposition that he had no issues with his shoulder before the accident.

        While Eagan also opined that Vandetta's left shoulder injury was not related to the accident based upon the length of time between the accident and when Vandetta first sought treatment therefor, we note that Vandetta complained about shoulder pain approximately one month after the accident, physical therapy was ordered and he was diagnosed with a rotator cuff tear and was advised that he should wait to have surgery to repair the tear until he had recovered from another medical condition.[3] In our view, inasmuch as Eagan's opinion regarding Vandetta's shoulder injury was not based upon competent medical evidence, defendant failed to carry her initial burden of establishing the lack of a causal relationship between the accident and the alleged injury to Vandetta's left shoulder with evidence sufficient to eliminate any material issues of fact with respect thereto (see Russell v Pulga-Nappi, 94 AD3d 1283, 1284

_____

        [3]  He ultimately had such surgery in 2011.

[2012]; <u>Colavito v Steyer</u>, 65 AD3d 735, 736 [2009]).[4]  Thus, defendant's motion should have been denied to this extent, without regard to the sufficiency of plaintiffs' opposing papers (<u>see</u> <u>Pezzino v Woodruff</u>, 103 AD3d 944, 944 [2013]).

As to the abdominal hernia, Eagan could not relate this condition to the accident, noting Vandetta's history of symptoms predating the injury, including a previous ventral hernia repair. Indeed, Vandetta's medical records establish that he suffered from a chronic or recurrent hernia, and his own treating physicians noted the likelihood that the hernia at issue was the result of his numerous operations or preexisting conditions.  In light of this competent evidence that Vandetta's hernia was related to a preexisting condition, the burden shifted to plaintiffs to come forward with "objective medical evidence distinguishing [his] preexisting condition from the injuries claimed to have been caused by [this] accident" (<u>Thomas v Ku</u>, 112 AD3d 1200, 1201 [2013] [internal quotation marks and citation omitted]; <u>see</u> <u>Pommells v Perez</u>, 4 NY3d 566, 580 [2005]).

To that end, plaintiffs proffered, among other things, the affidavit of Hanumappa Visweswaraiah, one of Vandetta's treating physicians, who concluded that the accident exacerbated the hernia.  However, Visweswaraiah did not offer objective medical evidence distinguishing Vandetta's preexisting condition from the hernia alleged to have been caused by the accident (<u>see</u> <u>Thomas v Ku</u>, 112 AD3d at 1201; <u>Russell v Cornell Univ.</u>, 110 AD3d 1236, 1238 [2013]; <u>MacMillan v Cleveland</u>, 82 AD3d 1388, 1389 [2011]; <u>Foley v Cunzio</u>, 74 AD3d 1603, 1604 [2010]).  Nor did plaintiffs provide any objective medical proof establishing how Vandetta's alleged limitations related to such aggravation fell within any of the categories of Insurance Law § 5102 (d).  Thus, Supreme Court properly granted summary judgment dismissing the complaint insofar as it alleged a claim of serious injury relating to the

---

[4]  Similarly, Eagan's opinion regarding whether the shoulder injury constituted a serious injury was also premised upon his unsupported finding that the injury was preexisting and is, therefore, insufficient to meet defendant's burden with regard to such issue.

hernia.

McCarthy, Egan Jr., Lynch and Clark, JJ., concur.


ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's motion for summary judgment dismissing that part of the complaint alleging that plaintiff Arthur R. Vandetta suffered a serious injury to his left shoulder; motion denied to that extent; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court