■ EARL SNARE et al., Appellants, v CAPITALAND TAXI, INC., et al., Respondents. (Action No. 1.) EARL SNARE et al., Appellants, v CAPITALAND AIRPORT TRANSPORTATION, INC., et al., Respondents, et al., Defendant. (Action No. 2.) [57 NYS3d 236]—

Rose, J. Appeal from an order of the Supreme Court (Reilly Jr., J.), entered April 14, 2016 in Schenectady County, which granted defendants' motion for summary judgment dismissing the complaints.

Plaintiff Earl Snare and his wife, derivatively, commenced these actions alleging that Snare sustained a serious injury within the meaning of Insurance Law § 5102 (d) when a taxicab owned by defendants and driven by one of defendants' employees collided with the rear of his vehicle. After defendants answered, Supreme Court joined both actions for discovery and trial. Following an independent medical examination (hereinafter IME) of Snare, defendants moved for summary judgment dismissing the complaints, arguing that Snare had not suffered a serious injury causally related to the accident. Plaintiffs opposed the motion, contending that Snare suffered a serious injury under the permanent consequential limitation of use, significant limitation of use and 90/180-day categories under Insurance Law § 5102 (d). Ultimately, Supreme Court granted defendants' motion and dismissed the complaints. Plaintiffs appeal.

As limited by their brief, plaintiffs argue that defendants failed to meet their initial summary judgment burden regarding the claim of serious injury under the 90/180-day category. We agree. Initially, we note that the record refutes defendants' contention that plaintiffs did not allege this category in their bill of particulars, and, in any event, Supreme Court fully addressed the merits of whether Snare suffered a serious injury under the 90/180-day category (cf. *Schulz v State of N.Y. Exec.*, 134 AD3d 52, 55 [2015], *appeal dismissed* 26 NY3d 1139 [2016], *lv denied* 27 NY3d 907 [2016]).

Defendants primarily relied upon the IME report and Snare's deposition testimony in support of their motion for summary judgment. The IME report, however, does not constitute competent evidence and should not have been considered by Supreme Court in assessing whether defendants met their initial burden inasmuch as the independent medical examiner did not affirm that the report was true "under the penalties of perjury" (CPLR 2106 [a]; *see Barouh v Law Offs. of Jason L. Abelove*, 131 AD3d 988, 991 [2015]; *Hyatt v Maguire*, 106 AD3d 1180, 1181 [2013]; *Niazov v Corlean Cab Corp.*, 71 AD3d 749, 749 [2010]; *Moore v Tappen*, 242 AD2d 526, 527 [1997]). As for Snare's deposition testimony, which was taken more than two years after the accident, he was not asked whether his injuries prevented him from performing his usual and customary daily activities during the dispositive time period—namely, "the [180] days immediately following the occurrence of the injury" (Insurance Law § 5102 [d]). In light of this, we find that defendants failed to meet their "initial burden of establishing with competent medical evidence that [Snare] did not suffer a serious injury" under the 90/180-day category (*Moat v Kizale*, 149 AD3d 1308, 1310 [2017] [internal quotation marks and citations omitted]; *see Poole v State of New York*, 121 AD3d 1224, 1225 [2014]; *Shelley v McCutcheon*, 121 AD3d 1243, 1246 [2014]). Accordingly, defendants were not entitled to summary judgment dismissing that part of the complaints.

McCarthy, J.P., Egan Jr., Devine and Mulvey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion for summary judgment dismissing that part of the complaints alleging that plaintiff Earl Snare suffered a serious injury under the 90/180-day category; motion denied to that extent; and, as so modified, affirmed.