RICHARD MCINTYRE et al., Appellants, v VILLAGE OF LIBERTY et al., Respondents. [57 NYS3d 241]—

Aarons, J. Appeal from that part of an order of the Supreme Court (Schick, J.), entered December 10, 2015 in Sullivan County, which granted defendants' motion for summary judgment dismissing the complaint.

In October 2012, as plaintiff Richard McIntyre was driving out of a parking lot, a dump truck, operated by defendant Keith Smith and owned by defendant Village of Liberty, backed into his vehicle. McIntyre and his wife, derivatively, commenced this negligence action alleging injuries to McIntyre's hands, wrists and right shoulder. Following joinder of issue and discovery, defendants moved for summary judgment contending that McIntyre did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the accident. Plaintiffs cross- moved for partial summary judgment on the issue of liability. Supreme Court granted defendants' motion and granted plaintiffs' cross motion as unopposed. Plaintiffs now appeal from that part of the order granting defendants' motion.

As the movants, defendants bore the initial burden of showing that McIntyre did not sustain a serious injury as a consequence of the accident (see Vandetta v Adams, 121 AD3d 1328, 1329-1330 [2014]; D'Auria v Kent, 80 AD3d 956, 957-958 [2011]; Colavito v Steyer, 65 AD3d 735, 735-736 [2009]). Here, McIntyre testified in his hearing pursuant to General Municipal Law § 50-h that, after the accident, he started to feel pain in both of his hands and went to see his chiropractor for such pain. The orthopedic surgeon who examined McIntyre at defendants' request, however, found no evidence of thenar or hypothenar atrophy or sensory dysfunction and that McIntyre had minimal decreases in range of motion in his hands and wrists. The orthopedic surgeon concluded that McIntyre did not have any numbness and that there was no indication that he needed treatment for his hands and wrists. Based on the foregoing, we conclude that defendants satisfied their burden with respect to these alleged hand and wrist injuries (see

*Flottemesch v Contreras*, 100 AD3d 1227 [2012]; *Womack v Wilhelm*, 96 AD3d 1308, 1311 [2012]).

In opposition to defendants' motion, plaintiffs failed to raise a material issue of fact as to these injuries (*see Larrabee v Bradshaw*, 96 AD3d 1257, 1260 [2012]; *Alteri v Benson*, 50 AD3d 1274, 1275 [2008]). Assuming, without deciding, that the narrative report and operative report from McIntyre's physician was in admissible form, the physician did not give any opinion as to whether McIntyre sustained an injury to his hands and wrists. As such, dismissal of the claim to the extent premised upon the alleged hand and wrist injuries was proper.

We reach a different conclusion, however, with respect to the alleged right shoulder injury. Defendants relied, in part, on an affirmed report from a radiologist, who reviewed, among other things, an MRI taken of McIntyre's right shoulder in January 2013. The radiologist noted in his report that his impression of McIntyre's MRI was "[d]iffuse tendinopathy and fraying of the, supraspinatus and infraspinatus tendon with 15 x 12 mm complete tear, supraspinatus and fatty infiltration myotendinous junction" and concluded that McIntyre's MRI revealed findings that were "longstanding in nature." The orthopedic surgeon likewise noted in his report that McIntyre's MRIs revealed "degenerative findings that cannot be causally related to the accident of [October 2012]." Critically, however, they do not address the fact that such condition "had reportedly been asymptomatic prior to the accident" (*Colavito v Steyer*, 65 AD3d at 736). In this regard, McIntyre testified that, prior to the October 2012 accident, he neither experienced problems with his right shoulder nor received medical treatment for it. The orthopedic surgeon's opinion was also partly based on his misapprehension that McIntyre "did not seek out immediate medical attention" after the accident. To the contrary, McIntyre testified at his General Municipal Law § 50-h hearing that, after the accident, he felt pain in his right shoulder and, shortly thereafter, he went to see his chiropractor (*see Vandetta v Adams*, 121 AD3d at 1329-1330). McIntyre's chiropractor examined him and noted that a shoulder depression test produced a positive response as to McIntyre's right shoulder.* Upon the chiropractor's recommendation, McIntyre began physical therapy for his right shoulder. Indeed, the orthopedic surgeon found significant decreases in range of motion upon testing of McIntyre's right shoulder.

Inasmuch as defendants' own papers failed to establish that

---

* Defendants submitted McIntyre's treatment records from his chiropractor as part of their moving papers.

McIntyre's alleged right shoulder injury was preexisting and not causally related to the accident, their motion, to the extent that it sought dismissal of the claim premised upon such injury, should have been denied without regard to the sufficiency of plaintiffs' opposing proof (*see id.* at 1330; *Schmidt v Meehan,* 97 AD3d 940, 940 [2012]; *Russell v Pulga-Nappi,* 94 AD3d 1283, 1284-1285 [2012]).

Garry, J.P., Egan Jr., Lynch and Clark, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion for summary judgment dismissing that part of the complaint alleging that plaintiff Richard McIntyre suffered a serious injury to his right shoulder; motion denied to said extent; and, as so modified, affirmed.